# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BELLA INTERNATIONAL, LLC d/b/a BELLA RENT-A-CAR;**

Plaintiff

v.

**ROBERT ARMBRUSTER, ET. AL.;**

Defendants

**Civil No.** 19-1140 (DRD)

## OPINION AND ORDER

On July 30, 2019, Plaintiff Bella International d/b/a Bella Rent-A-Car [hereinafter, "Plaintiff"] filed an *Amended Complaint*,[1] under diversity jurisdiction, against the following Defendants: Robert Armbruster, in his personal capacity; Strategic Response Group, LLC; Severn River Group, LLC; Superior Disaster Relief, LLC; and High Performance Services, LLC [hereinafter collectively, "Defendants"]. *See* Docket No. 33. Plaintiff makes various state law claims, including breach of contract and unjust enrichment, and requests damages and declaratory relief, as well as restitution of the invoices still owed. *See Id.*

On November 5, 2019, High Performance Services filed a *Motion to Dismiss* arguing, *inter alia*, that Plaintiff fails to state a claim under the applicable pleading standard and denying liability. *See* Docket No. 53. One day later, the remaining defendants filed their own *Motion to Dismiss*, making similar claims. *See* Docket No. 54. For the reasons set forth below, the Court **DENIES** Defendant High Performance Services' *Motions to Dismiss* at Docket No. 53 and also **DENIES** Defendants Robert

---

[1] The *Amended Complaint* is the operative complaint of the case at bar. *See* Docket No. 33.

Armbruster, Strategic Response Group, LLC, and Severn River Group, LLC's *Motion to Dismiss* at Docket No. 54.

## I. FACTUAL AND PROCEDURAL HISTORY

Taking the allegations set forth in the Complaint as true, the facts are as follows:

On September 29, 2017, Defendant Armbruster rented 14 vehicles from Plaintiff, on behalf of Defendant Superior Disaster Relief, to aid in the recovery process of Puerto Rico after Hurricane Maria. *See* Docket No. 33 at ¶ 12. To pay for the rentals, Defendant Armbruster provided a credit card registered to Defendant Severn River Group. *See Id*. Defendants continued to rent vehicles but had not made any payments to Plaintiff, despite Plaintiff's collection efforts. *See Id*. at ¶¶14-16. On November 19, 2018, Defendant Armbruster requested Plaintiff to stop sending invoices to Defendant Superior Disaster Relief and to instead make them out to Defendant Strategic Response Group, due to alleged difficulties in getting Defendant Superior Disaster Relief to pay for the rentals. *See Id*. at ¶¶ 17-18.

Plaintiff continued the collection efforts, this time towards Defendant High Performance Services, LLC, entity which Plaintiff was told would be responsible for the invoice payments of the rentals. *See Id*. at ¶ 20. In December of the same year, Plaintiff was able to contact a representative of Defendant High Performance Services, LLC but was told that the invoices were being reviewed with no "estimated date of payment". *See Id*. at ¶ 21. On February 28, 2018, Defendant Armbruster paid $30,196.18 —the sum of all of the invoices belonging to Defendant Strategic Response Group— with the credit card registered to Defendant Severn River Group. *See* Docket No. 33 at ¶ 22. Although Defendant Armbruster told Plaintiff he was negotiating payments with Defendant High

Performance Services, LLC, Plaintiff was unable to successfully contact Defendant Armbruster until April 5, 2018, when he told Plaintiff that the invoices had been paid via wire transfer to an address different to the one provided by Plaintiff. *See Id.* at ¶¶ 23-28. Subsequently, Defendant Armbruster claimed that his emails had been hacked and the new transfer address provided to him to make two (2) wire transfers to Credit Lyonnais Bank in Paris and a Wells Fargo branch in San Francisco, for the amounts of $160,000 and $24,000, respectively, which he proceeded to do. *See Id.* at ¶¶ 30-31. Nonetheless, evidence of hacking was not found by Plaintiff's IT Management Group nor did Defendant Armbruster provide evidence of this event to Plaintiff. *See Id.* at ¶¶ 31-35. Plaintiff has been unable to successfully contact Defendant Armbruster since then and is still owed $278,817.35 plus interest. *See Id.* at ¶¶ 38-39.

On July 30, 2019, Plaintiff filed an *Amended Complaint* under diversity jurisdiction, alleging collection of monies, breach of contract, unjust enrichment, and other state law claims. *See* Docket No. 33. On November 5, 2019, Defendant High Performance Services, LLC filed a *Motion to Dismiss* denying responsibility and claiming that Plaintiff failed to state a claim upon which relief can be granted. *See* Docket No. 53. The remaining Defendants filed their *Motion to Dismiss* one day later, raising similar arguments. *See* Docket No. 54. Plaintiff filed the corresponding *Oppositions* to Defendants' *Motions to Dismiss* on December 18, 2019, and December 20, 2019, respectively, essentially urging that discovery be made in order to clarify additional facts and determine responsibility. *See* Docket Nos. 59 & 62. On January 14, 2020, Defendants Armbruster, Strategic Response Group, and Severn River Group filed their *Reply* to Plaintiff's Opposition, basically reproducing the arguments set forth in their *Motion to Dismiss. See* Docket No.

68. Finally, on January 29, 2020, Plaintiff submitted its *Sur Reply* to Defendants Armbruster, Strategic Response Group, and Severn River Group's *Reply to Opposition to Motion to Dismiss*, insisting in the need to conduct discovery in order to properly determine the who is liable for payment. *See* Docket No. 70.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement of relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).') (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. See *Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and

factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but has not 'show[n]' 'that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly* 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. at 679); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 45 (1st Cir. 2009).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" even if seemingly incredible. *Sepúlveda-*

5

*Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 n. 6 (1st Cir. 2012) (emphasizing that a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681 ("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . it is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. V. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation.").

6

The First Circuit outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.) (Internal citations and quotations omitted).

### III. ANALYSIS

Taking the facts of the case in the light most favorable to the plaintiff, the Court believes the Plaintiff has presented sufficient facts to make a plausible claim for relief. *See Sepúlveda-Villarini*, 628 F.3d at 29. Plaintiff plainly states in its *Amended Complaint* the facts necessary to state its causes of action as well as its entitlement to relief as best it can with the information that is available to Plaintiff at the present moment. The Court has previously held that "[t]he doors of discovery only open when a complaint has 'factual allegations [that] are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged'." *Avilés v. Figueroa*, 195 F.Supp.3d 435, 441 (D.P.R. 2016) (citing *Garcia-Catalan v. United States*, 734 F.3d 100, 101 (1st Cir. 2013)) (citations omitted). Under the standard set forth above, "'a complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" The statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests.'" *Educadores Puertorriqueños en Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004) (citation omitted). Likewise, the details of "[s]tate of mind, including motive and intent, may be averred generally." *Id.* (citation omitted).

Although it is true that the standard of Rule 8(a)(2) has minimal requirements, this does not mean that those requirements are nonexistent (*See Id*, at 68), at this stage of the proceedings, the Court is hard pressed to accept that Plaintiff has not presented sufficient facts to survive dismissal. The Court understands that at this precise moment, Plaintiff does not have access to crucial parts of the chain of events that led to the claim at hand, and for this reason the Court will exercise its "authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." *Toro v. Lopez Martinez*, 2006 WL 3692549, at *1. *See also Áviles*, 195 F.Supp.3d at 442 (stating that due to lack of knowledge essential to the claim, the Court would exercise its authority to 'draw on its judicial experience and common sense' to determine if the pleadings are enough to survive a motion to dismiss.) (citations omitted).

"At this stage of the proceedings, the Court must give plaintiff the benefit of the doubt and accept plaintiff's allegations as true. . .". *Batista Rivera v. Gonzalez*, 338 F.Supp.2d 266, 268 (D.P.R 2004) (regarding a case with facts that were poorly articulated and presented). The Court understands that Plaintiff has established the necessary requirements to meet the Rule 8(a) pleading standard and survive dismissal. The facts set forth in the *Amended Complaint* and summarized herein support the causes of action brought forth by Plaintiff, but more is needed to determine liability in the present matter. As such, "it is possible that this case may be resolved once discovery has ended through a motion for summary judgment. For now, the motion to dismiss [] must be denied." *Id.*

## IV.    CONCLUSION

For the reasons stated above, and taking the *Amended Complaint*, Docket No. 33, in the light most favorable to the Plaintiff, the Court **DENIES** Defendants' *Motions to Dismiss* (Docket Nos. 53 & 54).

The Court grants all Defendants twenty (20) days to answer the *Amended Complaint*. NO EXTENSIONS WILL BE AUTHORIZED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February 2020.

*S/ Daniel R. Domínguez*
DANIEL R. DOMÍNGUEZ
United States District Judge