IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

BELLA INTERNATIONAL LLC,

Plaintiff,

v.

ROBERT ARMBRUSTER, ET AL.,

Defendants.

CIV. NO.: 19-1140 (SCC)

**OMNIBUS ORDER**

    Magistrate Judge Marshal D. Morgan (the "Magistrate Judge") issued two Report and Recommendations ("R&R") in the captioned case. *See* Docket Nos. 197, 207. The first R&R, Docket No. 197, concerns the Motion for Summary Judgment filed by Defendant High Performance Services ("High Performance"), Docket No. 144. There, the Magistrate Judge recommends the Court grant High Performance's request for summary judgment and the dismissal with prejudice of the claims Plaintiff Bella International LLC ("Plaintiff") brought against it, but he recommends that its request for attorneys' fees be denied. *Id.* at pgs. 18-19. The Magistrate Judge further recommends that the "actions brought by [Robert Armbruster ("Mr. Armbruster"), Strategic Response Group, LLC and Severn River Group, LLC (collectively, the "Armbruster

Defendants")] against High Performance be dismissed as well in the interests of fairness and judicial economy." *Id.* at pg. 19. Plaintiff filed objections to the R&R. *See* Docket No. 198. High Performance opposed them, Docket Nos. 199, Plaintiff replied, Docket No. 203 and High Performance surreplied, Docket No. 206.

The second R&R, Docket No. 207, concerns the Motion for Summary Judgment filed by the Armbruster Defendants at Docket No. 146. There, the Magistrate Judge recommends the Court deny the Armbruster Defendants' request for summary judgment and that the RICO counterclaim they asserted against Plaintiff be dismissed. *See* Docket No. 207, pg. 26. No objections were filed.

For the reasons set forth below, the Court **ADOPTS** the R&Rs at Docket Nos. 197 and 207, in their entirety.

## I. STANDARD OF REVIEW

"[A] District Court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation." *See Montoyo-Rivera v. Pall Life Scis. PR, LLC,* 245 F. Supp. 3d 337, 339 (D.P.R. 2017) (citing 28 U.S.C. § 636(b)(1)(B)). The Court "is only obliged to perform de novo

review of disputed portions of the report and recommendation." *See United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017); *see also* Local Rule 72(d) ("The district judge… may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record."). This means that, "[g]iven adequate notice, 'a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals.'" *See Cortés-Rivera v. Dep't. of Corr. & Rehab. of P.R.*, 626 F.3d 21, 27 (1st Cir. 2010) (quoting *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998)).

## II. ANALYSIS

### A. The R&R at Docket No. 197[1]

The Court begins with the R&R at Docket No. 197. Plaintiff's objections to that R&R can be summarized as follows: (1) the Magistrate Judge erred in not concluding that

---

[1] The Magistrate Judge recommended that the actions brought by the Armbruster Defendants against High Performance be dismissed. *See* Docket No. 197, pg. 19. No objection was raised as to that recommendation.

Mr. Cory Racca's ("Mr. Racca") email accepting Plaintiff's invoices confirmed High Performance would pay Plaintiff; and (2) the Magistrate Judge failed to consider the third-party contractual beneficiary doctrine and how only a jury can decide if Plaintiff was a third-party beneficiary. The Court addresses these objections in turn.

In its objections, Plaintiff posits a verbal contract existed between Mr. Armbruster and High Performance whereby High Performance agreed to pay for Plaintiff's invoices. *See* Docket No. 198, pg. 4. Plaintiff states that since High Performance's construction coordinator, Mr. Racca, acknowledged Plaintiff's invoices via email, that is enough to establish High Performance's debt to Plaintiff. *Id.* at pg. 7. However, as the Magistrate Judge stated, the evidence on the record revealed that Mr. Racca was not vested with the authority to execute a contract with Plaintiff on behalf of High Performance. Further, the Magistrate Judge pointed out that even if Mr. Racca was copied in the email sent by Mr. Armbruster with the invoices, and that he acknowledged receipt of that email, that action does not confirm the existence of a contractual relationship between High

| BELLA INTERNATIONAL LLC V. ROBERT ARMBRUSTER, ET AL. | Page 5 |
|---|---|

Performance and Plaintiff. *See* Docket No. 197, pgs. 12-13. The Court agrees with the Magistrate Judge's analysis regarding this point.

Next, Plaintiff acknowledges it did not enter into a written contractual relationship with High Performance. *See* Docket No. 198, pg. 4. However, Plaintiff insists a verbal contract was formed between Mr. Armbruster and High Performance. *Id*. Per the terms of the verbal contract, High Performance allegedly agreed to pay the rental invoices Plaintiff sent to Mr. Armbruster for the vehicles leased. *Id.* at pgs. 1-2, 4-5. Plaintiff claims it is a third-party beneficiary to the verbal agreement between Mr. Armbruster and High Performance. *Id*. at pgs. 4-5. High Performance emphasizes the Magistrate Judge's conclusion that Mr. Armbruster had no legal authority to bind High Performance in a contractual relationship with Plaintiff. *See* Docket No. 199, pgs. 7-8. High Performance posits that "[a] third party's statement about another party's intentions, without clear confirmation from that party, cannot create contractual liability. *Id.* Furthermore, High Performance sustains the third-party beneficiary doctrine theory was not substantially developed

before the Magistrate Judge. *See Id.* at pg. 4. The Court agrees.

An "[a]ppellant [is] entitled to a de novo review by the district court of the recommendations to which he objected, however he [is] not entitled to a de novo review of an argument never raised." *See Borden v. Secretary of Health & Human Services*, 836 F.2d 4, 6 (1st Cir. 1987) (internal citations omitted). Plaintiff did not substantially develop its third-party beneficiary theory at the summary judgment stage for the Magistrate Judge's consideration. The Court need not consider the merits of this argument.

Lastly, Plaintiff posits a "[j]ury could reasonably conclude that a verbal contract was entered into by defendant Armbruster with defendant High Performance for defendant High Performance to pay [Plaintiff's] rental invoices." *See* Docket No. 198, pgs. 1-2. While it is true that, generally, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," *see Pérez-Pérez v. Hosp. Episcopal San Lucas, Inc.*, 113 F.4th 1, 9 (1st Cir. 2024) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2 505 (1986)), here the Court that, as the Magistrate

| BELLA INTERNATIONAL LLC V. ROBERT ARMBRUSTER, ET AL. | Page 7 |
|---|---|

Judge's analysis shows, even after drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not advanced evidence to established that a genuine issue of material fact exists as to this issue.

### B. The R&R at Docket No. 207

No objections were filed to the R&R at Docket No. 207. A "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone,* 973 F.2d 22, 31 (1st Cir.1992). In other words, "absent objection . . . a district court has a right to assume that the affected party agrees to the magistrate's recommendation." *M. v. Falmouth Sch. Dep't,* 847 F.3d 19, 25 (1st Cir. 2017) (cleaned up). Bearing this in mind, after a careful review of the R&R, the totality of the record and seeing as no objections were filed, the Court **ADOPTS** the R&R at Docket No. 207 in its entirety.

### III. CONCLUSION

In light of the above, the Court **ADOPTS** the R&R at Docket No. 197 in its entirety. This means that, High

Performance's request for summary judgment at Docket No. 144 is **GRANTED in part and DENIED in part.** Specifically, the breach of contract and the unjust enrichment claims against High Performance are **DISMISSED WITH PREJUDICE** and High Performance's request for attorney's fees is **DENIED.** The actions brought by the Armbruster Defendants against High Performance are **DISMISSED WITH PREJUDICE.**

Furthermore, the Court **ADOPTS** the R&R at Docket No. 207 in its entirety. This means that, the Armbruster Defendants' request for summary judgment at Docket No. 146 is **DENIED** and the RICO counterclaim is **DISMISSED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE